## A94A2270. EVERETT v. THE STATE.
### (454 SE2d 620)

SMITH, Judge.

Gary Kenneth Everett was charged in a two-count indictment with homicide by vehicle in the first degree, OCGA § 40-6-393, and with violating OCGA § 40-5-58 by driving without a valid driver's license after his license had been revoked. A jury found him guilty of homicide by vehicle in the first degree and not guilty on the habitual violator count. Judgment was entered on the verdict, and Everett appeals following the denial of his motion for new trial, raising 17 enumerations of error. We note that the State has filed no brief on appeal.

1. In three enumerations Everett contends the evidence was insufficient to authorize his conviction for vehicular homicide.

Count 1 of the indictment charged that Everett did, "without malice aforethought, cause the death of another person, to wit: Forrest H. Worten, Sr., through violation of OCGA § 40-5-58, after having been declared a habitual violator."[1] In another enumeration of error Everett complains of the denial of his motion to quash this count of the indictment. For the purpose of addressing his enumeration raising the general grounds, however, we assume, without deciding, that Everett's motion to quash this count of the indictment was properly denied because its wording was sufficiently clear to apprise Everett of the exact nature of the charge against him so that he could present his defense at trial. *Hopper v. Hampton,* 244 Ga. 361, 362

---

[1] It is clear that this count of the indictment charges Everett under subsection (c) of OCGA § 40-6-393. Subsection (a) applies only when the death is caused through the violation of certain enumerated statutes which were not violated here; subsection (b) refers to homicide by vehicle in the second degree.

(260 SE2d 73) (1979). We also assume for the same purpose that the wording of the indictment did not require the State to show a specific violation of OCGA § 40-5-58 (by driving without a valid license, for instance) and that Everett's license was "in revocation" despite Everett's argument that he had been issued a probationary license that had not been revoked or suspended at the time of the incident in issue. Nevertheless, we find that the evidence was insufficient to authorize Everett's conviction.

OCGA § 40-6-393 (c) provides that a person commits homicide by vehicle in the first degree if "after being declared a habitual violator as determined under Code Section 40-5-58 and while such person's license is in revocation, [he] causes the death of another person, without malice aforethought, by operation of a motor vehicle."

The language of OCGA § 40-6-393 (c) clearly requires that the State prove not only that the accused was operating a motor vehicle after having been declared a habitual violator, but that such act caused the death of another person. Everett argues that the State not only did not prove that the victim named in the indictment died as a result of Everett's violation of OCGA § 40-5-58, it did not prove that Worten died. We are constrained to agree that the State failed to carry its burden of proving the elements of the crime charged.

Construed in favor of the verdict (and ignoring the evidence on the contested issue of Everett's probationary license), the evidence presented by the State showed that Everett was declared a habitual violator in 1987. He was driving his truck on the evening of March 14, 1991 when his right front fender struck a pedestrian on the right side of the roadway.

Deputy Thomas Rachels of the Washington County Sheriff's Department testified that he responded to a call that there had been an accident. He located the victim, who was responsive at that time. Although he appeared to have a broken pelvis, he seemed to Rachels to be "very clear-headed." No testimony was presented as to when the victim died or what caused his death. Investigator James Clark of the sheriff's department testified that the next morning the sheriff asked him to investigate "an accident that happened the previous night in which there was a fatality." During his testimony, Clark also once referred to the victim as "the deceased." The "fatality" and "the deceased" were never identified by name.

That was the only testimony presented by the State from which it could be inferred that the victim had died. Even assuming this evidence was sufficient to identify the fatality as Worten, no expert (or non-expert) testimony was presented regarding the cause of Worten's

death,[2] and no death certificate was introduced. There was no evidence from which the jury was authorized to find it had been proved beyond a reasonable doubt that Everett caused the victim's death.

Although in his opening statement defense counsel referred obliquely to the accident being the cause of Worten's death, he stated that was what he expected the evidence would show. Contrary to the trial court's ruling on Everett's motion for new trial, the statement was not an admission of guilt. "To be considered binding against his client as a stipulation of fact, a statement made by counsel during the trial of a case must constitute a '(d)istinct and formal admission . . . of fact . . . *made for the express purpose of dispensing with formal proof.*' [Cit.] . . . [Cits.] Viewed in the context in which it was made, the statement at issue obviously cannot be considered a distinct and formal admission of fact made for the express purpose of dispensing with formal proof on the issue of [Everett's having caused the death of the victim]." *Whatley v. State*, 189 Ga. App. 173, 175 (4) (375 SE2d 245) (1988). Thus, it clearly could not have authorized the jury to find that the State proved the elements of homicide by vehicle in the first degree beyond reasonable doubt. Everett's conviction must be reversed.

2. Our holding in Division 1 renders it unnecessary that we consider Everett's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 28, 1995.

*John R. Thompson*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.

---

[2] There is some confusion regarding the victim's name as well. The indictment refers to "Forrest H. Worten, Sr.," while throughout the transcript the reference is to "Mr. Warthen."